**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVE E. ENDE,**

                  **Plaintiff,**

**-vs-**                                      **Case No. 6:09-cv-128-Orl-31GJK**

**DISCOVERY MARKETING &**
**DISTRIBUTING, INC.,**

                  **Defendant.**

## ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 23) to approve the Joint Motion for Approval of Settlement and Dismiss Action with Prejudice (the "motion") (Doc. 21). The Plaintiff has filed an objection (Doc. 24) to the Report and Recommendation.

After *de novo* review, the Court concurs with the recommendation of the magistrate judge that the settlement appears to be a fair and reasonable settlement of a bona fide dispute. However, in addition to seeking approval of the settlement, the joint motion seeks to have the Court incorporate the terms of the settlement agreement into the order approving it. Judge Kelly, while recommending approval of the settlement, does not explicitly address the incorporation request. In his objection, the Plaintiff continues to seek incorporation of the terms of the settlement in this Court's order or, in the alternative, to have the Court retain jurisdiction to enforce the terms of the settlement. The parties have not shown any grounds for approving such an extraordinary request, and the Court declines to do so.

The Plaintiff complains that "[t]he terms of the parties' settlement will not be fully met if the Court does not incorporate the terms of the settlement in its final order approving the settlement of this matter." But the actual language of the settlement agreement does not require such incorporation. Rather, the parties simply agreed that they would "ask the Court to incorporate the terms of this agreement within any order approving this settlement issued by the Court." (Doc. 21-2 at 1). That request has been made, and rejected. There is no language in the settlement agreement voiding it or modifying it in the event that the Court rejects the request for incorporation. As a result, the Court can approve the settlement agreement without approving the incorporation request. Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. 23) of the Magistrate Judge is Adopted and Confirmed;

2. The Joint Motion to Approve Settlement (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion seeks incorporation of the terms of the settlement agreement in this order, it is **DENIED**. In all other respects, the motion is **GRANTED.** The settlement is **APPROVED** and this case is **DISMISSED WITH PREJUDICE.** The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 19, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party